UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ART MAYSE, )
 )
      Petitioner, )
 )
 ) No. 2:07-00023
 ) Judge Campbell
JIM MORROW, WARDEN, )
 )
      Respondent. )

## MEMORANDUM

The petitioner, Art Mayse, proceeding *pro se*, brings this action under 28 U.S.C. § 2254 seeking federal *habeas corpus* relief. The petitioner names Jim Morrow, Warden at the Southeastern Tennessee State Regional Correctional Facility, as the respondent.

### I. BACKGROUND

The Fentress County Grand Jury returned a twenty-count indictment against the petitioner on May 11, 1999, charging him with fifteen counts of child rape and five counts of aggravated sexual battery. (Add. 1, Vol. 1, pp. 1-3)[1] A jury convicted the petitioner of eleven counts of child rape, seven counts of aggravated sexual battery, and he was sentenced to fifty years in the Tennessee Department of Correction. (Add. 1, Vol. 1, pp. 31-32) On appeal, the Court of Criminal Appeals reversed and dismissed two of the aggravated-sexual-battery convictions, and remanded the case for a new trial on the remaining charges. (Add. 1, Vol. 1, pp. 31-42)

In his second trial, the petitioner was convicted of eight counts of child rape and four counts of aggravated sexual battery. (Add. 1, Vol. 1, pp. 112-113, 115-126) He was sentenced to twenty-two years on each of the child rape convictions, and ten (10) years on each of the aggravated sexual battery convictions, for an effective sentence of thirty-two (32) years. (Docket Entry No. 1, ¶¶ 3,

---

     [1] The addenda comprising the record of proceedings in state court were filed with Docket Entry No. 30.

5; Add. 1, Vol. 1, pp. 146-150; Vol. 2, pp. 1-7)

The petitioner appealed again. (Add. 1, Vol. 2, pp. 27-28) This time, however, the Court of Criminal Appeals affirmed the judgment of the trial court on April 27, 2006 (Add. 6), and the Tennessee Supreme Court denied his application for permission to appeal on October 9, 2006 (Add. 8). The respondent did not file a petition for a writ of *certiorari* in the United States Supreme Court (the Supreme Court) on direct appeal, nor has he sought state post-conviction relief. (Docket Entry No. 1, ¶ 11(b), p. 4; Docket Entry No. 2, ¶ 4, p. 1)

The petitioner filed this action on May 14, 2007. Rule 3(d), Rules – Section 2254 Cases. He raises the following two grounds for relief in his petition:[2]

> 1) He was denied his right to a fair trial and due process when the trial judge had *ex parte* communications with the jury during deliberations; and,
>
> 2) His sentence violated the Sixth Amendment as determined in *Blakely v. Washington*, 542 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220 (2005), and *Cunningham v. California*, __ U.S. __, 127 S.Ct. 856 (2007).

(Docket Entry No. 1, ¶ 12, pp. 6, 13) The respondent was directed on June 5, 2007 to file an answer, plead, or otherwise respond to the petition. (Docket Entry No. 4)

On August 27, 2007, the respondent moved to dismiss, arguing that the petitioner had not exhausted all of his claims in state court. (Docket Entry No. 14) The Court denied the respondent's motion on September 28, 2007, and instead ordered the action stayed and held in abeyance to give the petitioner an opportunity to pursue those claims in state court that he had not yet exhausted. (Docket Entry No. 16)

---

[2] As discussed in greater detail, *infra* at pp. 7-8 and n. 6, the petitioner asserts that he also has ineffective assistance of counsel claims, but was unable to pursue them on post-conviction because he was in fear for his life. (Docket Entry No. 2, ¶¶ 3-4, p. 1; No. 3, ¶ 3, p. 1)

2

The petitioner moved to reopen the case on October 24, 2007, arguing that he had exhausted his claims, and that "there [we]re no other state remedies available" to him. (Docket Entry No. 18, pp. 4-6) The respondent was directed on November 1, 2007 to file a response to the petitioner's motion. (Docket Entry No. 21) When the respondent did not comply with the Court's Order, the petitioner's motion to reopen was granted, and the respondent was again directed to file an answer, plead, or otherwise respond to the petition. (Docket Entry No. 23)

The respondent filed an answer on December 27, 2007, arguing that the petition should be denied. (Docket Entry No. 28) The petitioner filed a response on February 26, 2008. (Docket Entry No. 35-36) This matter is now properly before the Court.

## II. ANALYSIS

Petitions for federal *habeas corpus* relief filed after April 24, 1996 are subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA). *See Martin v. Mitchell*, 280 F.3d 594, 602 (6th Cir. 2002)(citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1977). Title 28 U.S.C. § 2254, as amended by the AEDPA, provides the following with respect to granting a writ of *habeas corpus* to prisoners who are in custody pursuant to a state court judgment:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

### 1. The Trial Judge's *Ex Parte* Communications
### With the Jury

The petitioner asserts that his rights to a fair trial and due process were violated because of *ex parte* communications between the Judge and the jury during the jury's deliberations.[3] (Docket Entry No. 1, ¶ 12, Ground One, pp. 6-12) The respondent argues that this claim is procedurally defaulted for the purposes of federal *habeas corpus* review. (Docket Entry No. 28, pp. 8-11)

The petitioner raised this claim on direct appeal, but only in the context of trial court error. (Add. 3, ¶ IV, pp. 17-18; Add. 5, ¶ IV, p. 6) The petitioner did not argue that the Judge's *ex parte* communications with the jury violated his rights under the Sixth and/or Fourteenth Amendments, nor did he challenge the Judge's actions on any other federal ground. Moreover, the only authority cited on appeal was *State v. Brown*, 823 S.W.2d 576, 942 (Tenn. 1994) and *State v. Thune*, 872 S.W.2d 922, 927-930 (Tenn. Crim App. 1993), both of which decided the *ex parte* issue under the plain error doctrine. Neither opinion addressed the Sixth and/or Fourteenth Amendments.

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. 28 U.S.C. § 2254(b)(1)(A); *see Carey v. Saffold*, 536 U.S. 214, 220 (2002); *Martin*, 280 F.3d at 603. This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the State an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404

---

[3] The *ex parte* communication at issue pertains to the jury's request for assistance in formulating a question to the Judge regarding whether unanimity was required for a not-guilty verdict. (Add. 2, Vol. 5, p. 497) The record shows that: 1) the jury attendant advised the Judge that the jury had a question, but did not know how to phrase it; 2) the Judge assisted the jury in formulating the question in the jury room, rather than in open court, and he did so with the consent of both parties; 3) after assisting the jury in phrasing the question, the Judge consulted with both parties regarding how best to respond to the question; 4) with the concurrence of both parties, the Judge answered the jury's question in open court by repeating his earlier instructions on unanimity and multiple offenses; 5) the petitioner was aware of the foregoing events not later than when they were memorialized in the record. (Add. 2, Vol. 5, pp. 497-504)

4

U.S. 249, 250 (1971)(superceded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2381 (2006)). For a claim to be considered exhausted, "the habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(quoting *Picard v. Connor*, 404 U.S. 270, 275, 277-78 (1971)); *see also Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002)(citing *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)(the claim must "be presented to the state courts under the same theory in which it is later presented in federal court")).

Because the petitioner did not challenge the Judge's actions under the Sixth and Fourteenth Amendments in state court, the federal dimension of this claim is unexhausted. The next question is whether it is procedurally defaulted under state law.

The petitioner's Sixth and Fourteenth Amendment claims should have been raised on direct appeal. As already established, they were not. Therefore, under Tenn. Code Ann. § 40-30-106(g), the petitioner "waived" these claims and, as such, they are procedurally defaulted under Tennessee law. The Sixth Circuit has determined that Tennessee's "waiver rule" constitutes an adequate and independent rule established by state law precluding federal *habeas corpus* relief. *See Hutchison v. Bell*, 303 F.3d 720, 738 (6th Cir. 2002)(citing *Cone v. Bell,* 243 F.3d 961, 969 (6th Cir. 2001), overruled on other grounds by *Bell v. Cone*, 535 U.S. 685 (2002)).

In addition to the foregoing, Tennessee's post-conviction statute, Tenn. Code Ann. § 40-30-102, provides that:

> Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . . The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this

5

chapter, and the one-year limitations period is an element of the right
to file such an action and is a condition upon its exercise. . . .

*Id.* at § (a).

Because more than one year has lapsed since the petitioner's case became final on direct review, the petitioner may seek delayed post-conviction relief only under the three limited circumstances set forth in § 40-30-102(c).[4] The petitioner does not assert that any of the limited circumstances in § (c) pertain to this claim, nor can it be determined from the petition and attached documents that they do. Consequently, the petitioner may not seek delayed post-conviction relief with respect to this claim and, as such, the federal dimension of this claim is procedurally defaulted under Tennessee law for this reason as well. The final question is whether this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

If a claim is procedurally defaulted under state law, then federal *habeas corpus* review is prohibited unless the petitioner demonstrates both "cause" <u>and</u> "prejudice" for his failure to raise the claim in state court while state court remedies were available, or that a miscarriage of justice will result if the claim is not reviewed. *Alley*, 307 F.3d at 386; *Wainwright v. Sykes*, 433 U.S. 72, 87, 90-91 (1977); *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000). To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials' made compliance impracticable," constitutes "cause" under this standard. *Murray*, 477 U.S. at 488 (citations omitted).

---

[4] The three exceptions are: if the motion is based on a final ruling of an appellate court establishing a constitutional claim that was not recognized at the time of trial, if the motion is based on new scientific evidence establishing that the petitioner is actually innocent, or if the motion seeks relief from a sentence that was enhanced because of a previous conviction which has been held subsequently to be invalid.

6

To show "prejudice," default of the claim must not merely have created a possibility of prejudice to the defendant, but it must have "worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002)(citing *United States v. Frady*, 456 U.S. 152, 170-171 (1982)). To demonstrate a "fundamental miscarriage of justice," a petitioner must show that the alleged constitutional violation probably resulted in the conviction of one who actually is innocent. *Murray*, 477 U.S. at 496. This exception applies only in "extraordinary cases," *Id.*, and requires a petitioner to show that he is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The petitioner does not assert that he is actually innocent, nor can such an inference be liberally construed from the petition or accompanying documents. Accordingly, the Court will limit its analysis to the cause-and-prejudice exception.

The petitioner maintains that he did not pursue his post-conviction remedies because his food was poisoned and his life threatened while he was incarcerated in the Fentress County Jail. ( Docket Entry No. 1, Ex. 1, ¶ 4, p. 1) If true, the petitioner's allegations would constitute "cause." However, the petitioner has provided no factual allegations in support of his claims and, as such, his claims of personal danger are conclusory. "Habeas petitioners cannot rely on conclusory allegations of cause and prejudice to overcome procedural default." *See Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).[5] Furthermore, as noted below in n. 6, facts exist that support the conclusion that the petitioner's claims are without merit.[6] Finally, the petitioner's claim in his response that he raised

---

[5] This determination also pertains to the ineffective assistance claims to which reference previously was made, *supra* at p. 2 n. 2.

[6] The petitioner has never brought an action under 42 U.S.C. § 1983 in district court on the grounds alleged. The United States District Court for the Middle District of Tennessee is the proper venue for claims brought under § 1983 arising in Fentress County. Neither does the petitioner allege, nor can it be determined from the petition and supporting documents, that he raised these claims in state court. Moreover, the record before the Court is devoid of any reference to the events alleged. Particularly worthy of note is the fact that, although the petitioner referred in his motion

7

this issue in his brief in the Tennessee Supreme Court (Docket Entry No. 36, p. 4) is unavailing.[7]

For the reasons explained above, the petitioner has failed to establish "cause" to excuse his procedural default. Because the petitioner cannot establish both halves of the two-part cause-and-prejudice exception, and for the reason explained *supra* at p. 5, the petitioner's claims under the Sixth and Fourteenth Amendments are procedurally defaulted for purposes of federal *habeas corpus* review.

### Certificate of Appealability

When the district court denies a *habeas corpus* petition on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a certificate of appealability (COA) will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists of reason would not debate the correctness of the Court's ruling that this claim is procedurally defaulted for purposes of federal *habeas corpus* review. Therefore, a COA on this claim is denied.

### 2. Whether the Petitioner's Sentence Violated His Rights under the Sixth Amendment

---

for change of venue to "inappropriate, prejudicial, and inflammatory statements to members of the news media" made by "an official of the Fentress County Sheriff's Department," he did not claim in his motion that his life was in danger in the Fentress County Jail. (Add. 1,Vol. 1, p. 17) Finally, the petitioner did not bring these allegations to the Judge's attention by way of motion prior to or during either trial, nor did he raise the issue on either appeal. (Add. 1, Vol. 1, pp. 36-37; Add. 3, ¶ VI, pp. 19-21)

[7] The record shows that the petitioner did, in fact, raise this claim in the context of the Sixth and Fourteenth Amendments in his brief when he sought permission to appeal in the Tennessee Supreme Court on direct appeal. (Add. 7, p. 1) However, the record also shows that the petitioner did not raise this claim under the Sixth and Fourteenth Amendments in the Court of Criminal Appeals prior to seeking review in the Tennessee Supreme Court (Add. 3, ¶ IV, pp. 17-18; Add. 5, ¶ IV, p. 6), nor did the Court of Criminal Appeals address this claim in its opinion (Add. 6). For the reasons previously discussed, *supra* at p. 5, the petitioner's Sixth and Fourteenth Amendment claims were "waived" at the time he sought review in the Tennessee Supreme Court. Tenn. Code Ann. § 40-30-106(g).

8

The petitioner's next claim has three parts. (Docket Entry No. 1, Ground Two, ¶¶ 13-18) First, he argues that the trial court violated his Sixth Amendment rights under *Blakely v. Washington*, *United States v. Booker*, and *Cunningham v. California*, *supra* at p. 2, when it ordered his sentences served consecutively. Second, the petitioner argues that his sentences were enhanced in-range in violation of his rights under the Sixth Amendment. Finally, he argues that the trial court did not weigh the enhancing and mitigating factors properly in determining his sentences. The respondent argues that the state court's determination of this issue was neither contrary to, nor an unreasonable application of, clearly established federal law. (Docket Entry No. 28, pp. 11-14)

### a. Consecutive Sentencing

The record shows that the petitioner did not raise his consecutive-sentencing claim in the context of *Booker* in state court prior to doing so in these proceedings. (Add. 3, pp. 21-22; Add. 5, p. 7) Regardless, *Booker* pertains to federal prisoners sentenced under the Federal Sentencing Guidelines and, as such, it is inapposite to the petitioner's state sentence. As discussed in greater detail, *infra* at p.11-13, the petitioner also did not raise this claim under *Cunningham* in state court prior to raising it in his petition for federal *habeas corpus* relief. (Add. 3, pp. 21-22; Add. 5, p. 7) For reasons previously explained, *supra* at pp. 4-8, these two factual predicates to his consecutive-sentencing claim are procedurally defaulted for purposes of federal *habeas corpus* review.

The petitioner did raise his sentencing claim in state court in the context of *Blakely*. (Add. 3, pp. 21-22; Add. 5, p. 7) Notwithstanding that this aspect of the petitioner's consecutive-sentencing claim is exhausted, and that, as discussed in greater detail *infra* at pp. 11-13, the Court of Criminal Appeals' ruling that *Blakely* was inapplicable to Tennessee sentencing laws would later be overturned, the holding in *Blakely* pertains to enhancing a sentence within the statutory sentencing range. *Blakely* does not address the issue of sentences that have been ordered to run

9

consecutively, which is the issue here.⁸ Accordingly, the petitioner's claim that his Sixth Amendment rights were violated under *Blakely* because his sentences were ordered to run consecutively is without merit.

### Certificate of Appealability

For reasons explained previously, *supra* at p. 8, a COA will not issue as to the *Booker-Cunningham* aspects of the petitioner's consecutive-sentencing claim. As to the petitioner's claim under *Blakely*, when the district court denies a ground for relief on the merits in a *habeas corpus* action, a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* The petitioner has failed to make a substantial showing under *Blakely* of the denial of a constitutional right with respect to his consecutive-sentencing claim. Accordingly, a COA based on his claim under *Blakely* is denied.

### b. Enhancement Within Range

As to the petitioner's second argument pertaining to his sentencing, the record shows that each of the petitioner's sentences for child rape was enhanced from twenty (20) to twenty-two (22) years, and that each of the petitioner's sentences for aggravated sexual battery was enhanced from eight (8) to ten (10) years.⁹ (Add. 2, Vol. 7, p. 47) Under Tennessee law in effect at the time of the

---

⁸ The Court is aware of *Oregon v. Ice*, No. 07-901 in which the Supreme Court will address whether the Sixth Amendment, as construed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely*, requires that facts other than prior convictions necessary to impose consecutive sentences be found by the jury or admitted by the defendant.

⁹ Under Tennessee law in effect at the time of the offenses of which the petitioner was convicted, child rape was a class A felony, and aggravated sexual battery was a class B felony. Tenn. Code Ann. §§ 39-13-522, 39-13-504. The sentence range for a standard, Range I offender in a class A offense was not less than fifteen (15) and not more than twenty-five (25) years, and for a class B offense, not less than eight (8) and not more than twelve (12) years. Tenn. Code Ann. §§ 40-35-112(a)(1)-(2). The presumptive sentence for a class A felony is the midpoint of the range if there are no enhancing or mitigating factors. Tenn. Code Ann. Tenn § 40-35-210(c) (1995). The presumptive minimum sentence for a class B felony is the minimum sentence in the range absent any enhancing or mitigating factors. *Id.*

offenses, the trial court had the discretion to adjust a sentence within the statutory range – up or down – based on the presence of statutory enhancing and mitigating factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114. Tenn. Code Ann. § 40-35-210.

In increasing the petitioner's sentences, the trial court relied on two statutory enhancing factors under Tenn Code Ann. § 40-35-114: abuse of a position of public trust, and a prior criminal conviction for statutory rape *Id.* at §§ (1) and (15).[10] (Add. 2, Vol. 7, p. 44) The abuse-of-public-trust enhancing factor was not submitted to the jury. However, in finding on appeal that this claim had "no merit," the Court of Criminal Appeals wrote:

> [T]he *Blakely* claim has been rendered moot by the Tennessee Supreme Court's recent decision in *State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005). Our supreme court held that the 1989 Sentencing Reform Act 'authorizes a discretionary, non-mandatory sentencing procedure . . . [which] sets out broad sentencing principles . . . all of which serve to guide trial judges in exercising their discretion to select an appropriate sentence within the range set by the Legislature. Under the Reform Act, the finding of an enhancement factor does not mandate an increased sentence.' Accordingly, the court held that the Tennessee Sentencing Reform Act does not violate the Sixth Amendment guarantee of a jury trial and is, thus, not affected by the *Blakely* decision.

(Add. 6, p. 14)(internal citations omitted)

Unknown to the Court of Criminal Appeals at the time, the United States Supreme Court would later vacate the judgment in *State v. Gomez* above, and remand the case to the Tennessee Supreme Court "for further consideration in light of *Cunningham v. California* . . . ." *Gomez v. Tennessee*, __ U.S. __, 127 S.Ct. 1209 (2007). In *Cunningham*, the Supreme Court reaffirmed its

---

[10] Prior convictions are not subject to the rule that facts used to enhance a defendant's sentence beyond the statutory maximum are to be determined by the jury. *Blakely*, 542 U.S. at 305; *Apprendi*, 530 U.S. at 490. The petitioner does not challenge the applicability of the second enhancing factor. (Docket Entry No. 1, ¶ 12, Ground Two, p. 15) He argues only that applying the abuse-of-public-trust enhancing factor to increase his sentence violated *Blakely* and *Apprendi*.

11

prior holdings in *Apprendi* and *Blakely* that any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Cunningham,* 127 S.Ct. at 857. The Supreme Court also clarified in *Cunningham* that the "presumptive minimum sentence" constitutes the statutory maximum above which a jury is required to determine the applicability of an enhancing factor beyond a reasonable doubt. *Id*. at 880-881. On remand, the Tennessee Supreme Court determined that its initial decision in *Gomez* was contrary to *Blakely* and *Cunningham*, vacated the defendants' sentences, and remanded the case to the trial court for resentencing. *State v. Gomez*, 239 S.W.3d 733, 743 (Tenn. 2007). In remanding *Gomez* to the trial court for resentencing, the Tennessee Supreme Court held that both *Blakely* and *Cunningham* did apply to Tennessee's sentencing scheme. *Id.*

The record shows that the petitioner did not raise this claim in state court prior to raising it in these proceedings. (Add. 3, pp. 21-22; Add. 5, p. 7) As previously noted, *supra* at pp. 2-3, the Court ordered this action held in abeyance on September 28, 2007 to give the petitioner an opportunity to pursue those claims in state court that he had yet to exhaust.[11] At the time that Order entered, the petitioner was still within the one-year statute of limitations to file an initial petition for state post-conviction relief under Tenn. Code. Ann. § 40-30-102(a). Under Tenn. Code Ann. § 40-30-102(c), the petitioner had until March 22, 2007 to late-file his petition for post-conviction relief based on a "constitutional right that was not recognized at the time . . . ," *i.e.*, the right established by the Supreme Court in *Gomez*.[12] *Id*. at § (b)(1). Instead of taking advantage of the

---

[11] In its September 28, 2007 Order directing that these proceedings be held in abeyance, the Court opined that the petitioner's sentencing claim was exhausted. (Docket Entry No. 16, pp.2-3) The Court's view was based on the limited record before it at the time. Given the petitioner's oft-stated belief in these proceedings that post-conviction remedies are no longer available to him, the petitioner is deemed not to have relied to his detriment on the Court's initial view when he decided not to pursue this issue in state court.

[12] As previously noted, *supra* at p. 2, the Court of Criminal Appeals denied the petitioners relief on this ground on April 27, 2006, and the Tennessee Supreme Court denied his application for permission to appeal on October 9, 2006.

12

opportunity provided by the stay, the petitioner moved on October 23, 2007 to reopen the case.

As shown above, the petitioner's claim that he is entitled to *habeas corpus* relief based on the Supreme Court's decision in *Cunningham* and *Gomez* has never been presented to the state courts. For reasons previously explained, *supra* at pp. 4-8, this claim is procedurally defaulted for purposes of federal *habeas corpus* review.

### Certificate of Appealability

For the reasons previously explained, *supra* at p. 8, a COA on this claim is denied.

### c. Weighing Enhancing and Mitigating Factors

The petitioner's final sentencing claim is that the trial court did not weigh the enhancing and mitigating factors properly when determining his sentences and how they would run. On appeal, the Court of Criminal Appeals determined that the trial court imposed the sentences properly, including weighing both enhancing and mitigating factors. (Add. 6, pp. 14-16)

It is not within the province of a federal *habeas corpus* court to reexamine state-court determinations on questions of state law. *Estelle*, 502 U.S. at 67-68 ; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see e.g., Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Rose v. Hodges*, 423 U.S. 19, 21-22 (1975)(*per curiam*). More particularly, a claim that the trial court violated state law when sentencing a prisoner, *i.e.*, in this case, whether the trial court properly weighed the enhancing and mitigating factors, is not cognizable in a federal *habeas corpus* proceeding. *See e.g., Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000); *Bloyer v. Peters*, 5 F.3d 1093, 1000 (7th Cir. 1993); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)(*per curiam*); *Haynes v. Butler*, 825 F.2d 921,

---

*Cunningham* was not decided until January 22, 2007, and *Gomez* was not decided until February 20, 2007. Thus, the claim presently before the Court is based on a new constitutional rule of law that was not available at the time that the petitioner raised this claim on direct appeal and, as such, he had until March 22, 2007 to late-file a petition for post-conviction relief based on *Gomez*.

923 (5th Cir. 1987).[13]  Accordingly, this final aspect of the petitioner's sentencing claim is without merit.

### Certificate of Appealability

For the reasons previously explained, *supra* at p. 10, a COA on this claim is denied.

### III. CONCLUSION

For the reasons explained herein, the petition will be denied and this action will be dismissed. A COA will not issue as to any of the claims raised herein.

An appropriate Order will be entered.

*Todd Campbell* (signature)
Todd Campbell
United States District Judge

---

[4] It does not appear that he Sixth Circuit has held in a published opinion that violations of state law in sentencing is not cognizable in a federal *habeas corpus* proceeding. However, the Sixth Circuit has so held in numerous unpublished opinions. *See Terry v. Trippett*, No. 94-2077, 1995 WestLaw 469424, at *1 (6th Cir. (Mich.)); *Lunsford v. Hofbauer*, No. 94-2128, 1995 WestLaw 236677, at * 2 (6th Cir. (Mich.)); *Wilcox v. Littlefield*, No. 94-3625, 1995 WestLaw 98822, at * 2 (6th Cir. (Ohio)); *Cheatham v. Hosey*, No. 93-1319, 1993 WestLaw 478854, at * 2 (6th Cir. (Mich)); *Johnson v. Abramajtys*, No. 91-1465, 1991 WestLaw 270819, at * 10 (6th Cir. (Mich.)).

14